Parker C. J.
delivered the opinion of the Court. If the factd reported in the bill of exceptions present a whole view *158 of the transaction, it seems an ungracious thing on the part °f the town to refuse to reimburse the plaintiff for his expenditure on their behalf; but as they put themselves upon the law, for which they may have better reasons than we can discern from the bill of exceptions, we must decide according to the strict rights of the parties as they exist by statute.
It appears that the limits for the surveyors had not been assigned,[1] so that the particular piece of road in question did not fall within the care of the plaintiff; neither did he exercise his authority under his former appointment according to the statute. It was the intention of the legislature, that the inhabitants of towns should have the right to discharge this important duty of keeping the roads in repair, by their labor or the use of their utensils, so as to be relieved, from paying the tax in money. This design is apparent in various provisions of St. 1786, c. 81. By the 4th section, where the sum appropriated for the repairs of highways, in the limits of any surveyor, shall prove insufficient for the purpose, he is, with the consent of the selectmen, to employ the inhabitants to make up the deficiency, and the persons thus employed shall be equitably paid out of the town treasury. By the 8th section, if the town neglects to vote a sufficient sum, or otherwise to provide for the repairs, the surveyor is to assess a sufficient portion of work and labor on the persons in his limits, who shall still perform the duty required in labor, if they see fit. The case before us does not come within either of the sections cited, because it does not appear that there was any deficiency in the highway tax for the preceding year, nor was there any neglect of the town for the current year. Under the 8th section however it is conceived, that as the town had not provided means for repairing this road, the surveyor might, supposing his authority within the limits before appointed to have continued until there was a new assignment, have proceeded, as was advised by one of the selectmen, to apportion the work upon the inhabitants within his limits. But there seems to be in no part of the statute any authority for *159 mm to malee the repairs at his own expense and then to call on the town ; and it would be dangerous to uphold town officers in assuming any authority beyond what the statutes give
them. Regretting therefore as we do the loss which the plaintiff has incurred, we do not however think ourselves justified in supporting his claim.
It is said it was the duty of this town to,have repaired this road | that it was liable to indictment for the neglect, as well as to an action by any one who might have been injured thereby; and that for these reasons it is answerable to the plaintiff, who stepped in to save it from these consequences : but the same reasons would, justify any individual of the town, or any stranger, as well as a surveyor ; who, beyond the duty imposed on him by the statute, has no more authority than the other inhabitants.[1]

Judgment affirmed.

 As to the mode of assigning limits for the surveyors, see Be vised Stat e. 25, § 7.

 See Loiter v. Brookline, 13 Pick. 349.